# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Orlando Division

FILED 2021 NOV -1 PM 2:10 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO FLORIDA

David Lawrence Stephens
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

"See Attached"
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 6:21-cv-1800-CEM-LRH
*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

1. Amanda Regina Jacobson, as Assistant State of Florida Attorney;
2. Michael Howard Lafay, as State of Florida Statewide prosecutor;
3. Robert Wattles, as Circuit Court's Honorable Judge in their official and individual capacities

Defendants

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: David Terrence Stephens

All other names by which you have been known: My Name is Queen! I am Queen David the obedient Servant to the God of Truth: Voice!

ID Number: O-528682

Current Institution: Columbia Correctional Institution

Address: 216 S.E. Correctional Way

Lake City, Fla. 32025

City, State, Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Amanda Regina Jacobson

Job or Title *(if known)*: Assistant State of Florida Attorney

Shield Number: #089631

Employer: Office State of Florida Attorney

Address: 415 North Orange Avenue

Orlando, Fla. 32801

City, State, Zip Code

☒ Individual capacity ☒ Official capacity

Defendant No. 2

Name: Michael Howard Lamy

Job or Title *(if known)*: State of Florida Statewide Prosecutor

Shield Number: (do not know)

Employer: Office State of Florida Statewide Prosecutor

Address: (do not know)

Orlando, Fla. 32?

City, State, Zip Code

☒ Individual capacity ☒ Official capacity

Defendant No. 3

Name: Robert Wattles
Job or Title *(if known)*: Honorable Judge
Shield Number: (do not know)
Employer: Orange County Courthouse
Address: 425 North Orange Avenue
Orlando (City) Fla. (State) 32802 (Zip Code)

[X] Individual capacity [X] Official capacity

Defendant No. 4

Name: None
Job or Title *(if known)*: None
Shield Number: None
Employer: None
Address: None
N/A (City) N/A (State) N/A (Zip Code)

[ ] Individual capacity [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

(1) the 4th U.S.C.A right on the right of the people to be secure in their persons, houses, papers, and effects against unreasonable (see next 2 pages)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

None

II. Basis for Jurisdiction (continued) B.

searches and seizures, shall not be violated, and no warrants shall be issued but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

(2) the 13th U.S.C.A right on neither slavery nor involuntary servitude except as a punishment for a crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

(3) the 14th U.S.C.A. right on all persons born or naturalized in the United states are citizens of the United States and the state wherein they reside. no state shall make or enforce any law which shall abridge the privileges, or immunities of citizens of the united states; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

(4) the 6th U.S.C.A right on all criminal prosecutions in them, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

(5) the 5th U.S.C.A right on no person shall be held to answer for a capitol or otherwise infamous crime, unless on the presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in the time of war or public danger; nor shall any person be sub-

II. Basis for Jurisdiction (continued) B.

ject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself; nor be deprived of life, or liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.

(6) the 1st U.S.C.A right on Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or the press, or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

(7) the 8th U.S.C.A. right on excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

(8)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

• The Assistant State of Florida Attorney defendant was acting as a complaining witness rather than a lawyer when she executed plaintiff's (see next page)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

• The events giving rise to plaintiff's claim arose in the Ninth Judicial Circuit Court, in and for Orange County, Florida in case No. 1998-CF-16896 from December 2, 1998 until June 23, 1999.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

• None

Certifications for determination of probable cause in arrest warrants "under the penalty of perjury," and insofar as the Assistant State of Fla. Attorney defendant did so, motivated by bias against one or more of plaintiff's attributes as delineated in Fla. Statutes §775.085 plus in the form of a Conspiracy, §1983 may provide a remedy for the plaintiff.

Since the fourth amendment requirement that arrest warrants be based upon probable cause, supported by oath or affirmation "may not be satisfied by the mere filing of an unsworn information signed by the Assistant State of Fla. Attorney defendant as prosecutor in Conspiracy form!

The absence of all jurisdiction exception rule on a Judge's absolute immunity for liability in a civil action does not apply in this civil action due to the fact the Judge defendant in this civil action was motivated by bias against one or more of plaintiff's attributes as delineated in Fla. Statutes §775.085 when he acted in a purely none judicial capacity in case No. 1998-CF-16826 with the other defendants in the form of a Conspiracy [meaning an agreement between two or more individuals where one individual acts in the furtherance of objective of conspiracy, which causes injury to plaintiff as a person, or property, or deprives plaintiff as a person of exercising any right or privilege as United States citizen; Conspiracy under 1983, here, does allege injury was caused by a person who is state actor, or whose conduct is chargeable to a state] for the double jeopardy resentencing of plaintiff's case No. 95-CF-7739 in case No. 1998-CF-16826.

C. What date and approximate time did the events giving rise to your claim(s) occur?

• On December 4, 1998, on May 6, 1999, then on June 23, 1999 at approximate time of 9:30 am until 3:30 pm.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(1) plaintiff fact [via his asserted belief] that he has been denied his 4th, 5th, 6th, 8th, 1st, 13th, and 14th United States Constitutional Amendment rights with respect to his case No: 1998-CF-16826 in the Ninth Judicial Circuit Court, in and for Orange County, Florida (see next 4 pages)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

• plaintiff attacked by two inmates and recieved injury to his left eye and today he wears eye glasses; (2) plaintiff's anal area, neck, plus torso on left side injury with injury to his mind as victim of rape where he no medical treatment also no mental health counseling under Fla. D.OC. Sec. proc. 108.010. (3) plaintiff's injury to his left hand's wrist in hunger strike via suicide attempt obtained medical treatment and no mental counsel.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

• trial by judge's verdict or trial by jury's verdict: where, a jury must decide Hate Crime; (2) $3 Billion dollars Compensatory damages; (3) No out of Court settlement; (4) Costs awarded at $300 million dollars; (5) grant of emergency injunction; (6) any other relief this Honorable Court deem just and correct.

• plaintiff's explain the basis for these claims: the judge defendant (as the one who control the court room) joined in with two prosecutors of the state of Fla. Conspiracy to knowingly violate/deny the Black/Gay American Citizen of his Constitutional rights in Criminal case [where, all defendants are sworn to obey/uphold the law and Constitutional rights,]

disciplinary hearing that resulted in his placement in the Correctional Institutions or state prison of the Florida Dept. of Corrections as disciplinary confinement for 23 years on a forty years sentence, thus, the plaintiff serving time in the Fla. Dept. of Corrections Correctional Institutions or state prison has implicated a constitutionally protected liberty interest to support this due process claim due to the fact the confinement imposes "an atypical and significant hardship on the plaintiff as an inmate in relation to the ordinary incidents of prison life: that has caused injury to plaintiff's mind that must live with for the rest of his natural life!

(2) plaintiff fact the defendants, motivated by bias against one or more of plaintiff's attributes as delineated in Fla. statutes § 775.085: violated or denied his rights to the fourth Amendment by the false, lying or inaccurate statement of facts in plaintiff's certification for determination of probable cause in case No. 1998-cf-16826 arrest warrants. in the form of a Conspiracy.

(3) plaintiff fact the defendants, in the form of a Conspiracy plus motivated by bias against one or more of plaintiff's attributes as delineated in Fla. statutes § 775.085: violated or denied his rights to the fifth amendment when they required the plaintiff, in the sentencing of case No. 1998-cf-16826, to answer for a capital or otherwise infamous crime without a presentment or indictment of a grand jury, plus when they required him to be subject to the same offense to be twice put in jeopardy of life or limb, and when they compelled plaintiff in criminal case to be a witness against himself; then when they deprived plaintiff

of life, liberty, or property without due process of law.

(4) plaintiff fact the defendants, in the form of a conspiracy plus motivated by bias against one or more of plaintiff's attributes as delineated in Fla. statutes §775.085: violated or denied his rights to the sixth amendment when they required the plaintiff in the sentencing of case No. 1998-CF-16826 to not have in the re-criminal prosecution of case No. CR-95-7739 the enjoyment of the right to a speedy and public trial, by an impartial jury of the state and district wherein the [alleged] crime shall have been committed, which district shall have been previously ascertained by law, plus when they did not inform the plaintiff of nature and cause of the accusation, also when they did not allow the plaintiff to be confronted with the witnesses against him, then when they did not have compulsory process for plaintiff to obtain witnesses in his favor; and (to summit) when they did not allow plaintiff to the assistance of counsel for his defense on case No. CR-95-7739.

(5) plaintiff fact the defendants, in the form of a conspiracy plus motivated by bias against one or more of plaintiff's attributes as delineated in Fla. statutes §775.085: violated or denied his rights to the Eighth amendment when they denied him bail on a false, lying, or inaccurate statement of facts in the certification for determination of probable cause in arrest warrants executed under the penalty of perjury.

(6) plaintiff fact the defendants, in the form of a conspiracy plus motivated by bias against one or more of his attributes as delineated in Fla. statutes §775.085: violated

or denied plaintiff's rights to the fourteenth Amendment when they, in the sentencing of case No. 1998-cf-16826 for the double jeopardy re-sentencing of case No. CR-95-7739, made or enforced a law which abridged the privileges or immunities of the plaintiff (who was born in the United States, and subject to the jurisdiction thereof, thus is a citizen of the United States and of the state wherein plaintiff reside) as United States citizen, plus when they deprived plaintiff as any person of life, liberty, or property, without due process of law. and when they denied plaintiff as a person within the United States jurisdiction the equal protections of the laws.

(6) plaintiff Fact the defendants, in the form of a Conspiracy plus motivated by bias against one or more of plaintiff's attributes as delineated in Fla. statutes §775.085: violated or denied his rights to the thirteenth Amendment when they as two or more persons *** conspired to go in disguise (as law enforcements' Honorable Judge, Assistant State of Fla. Attorney, and State of Fla. statewide prosecutor) on the Orange County courthouse premises or on the premises of another, for the purpose of depriving the Black in skin color and gay american citizen (thus, not Black in his mind or not ~~[struck]~~ even not ~~[struck]~~, or not ~~[struck]~~, or (and not ~~[struck]~~ american citizen) person or class of persons the equal protection of the law, or equal privileges and immunities under the law (and) in any case of Conspiracy set forth in thirteenth Amendment of the Constitution, if two or more persons engage therein do *** an act in the furtherance of the objective of such Conspiracy, whereby

plaintiff as a person is injured *** or deprived of *** any right or privileges of a citizen of the United States, the plaintiff as a person so injured or deprived in this civil action may have a cause of action for damages against conspirators under the Klu Klux Klan Act.

(7) plaintiff fact the defendants[motivated by bias against one or more of plaintiff's attributes as delineated in Fla. statutes § 775.085 plus in the form of a conspiracy] as the warden of his correctional institution or state prison of the Fla. Dept. of Corrections: denied plaintiff's proper mental health medication to treat his mental disorder from being the victim of rape witnessed by defendants as warden on August 11, 2005 [thus, plaintiff fact he is under imminent danger of serious physical injury to proceed in forma pauperis due to the fact that that defendants have withdrawn plaintiff's prescribed medication (without plaintiff signing a refusal form) and are in deliberate indifference to plaintiff's serious medical needs] then the defendants as warden of plaintiff's present Fla. Dept. of Corrections correctional institution denied plaintiff adequate medical treatment and mental health counseling as victim of rape on August 12, 2005 at plaintiff's medical emergency under Fla. Dept. of Corrections secretary's procedure 108.010 until he admit he raped in contrary to the unambiguous language of Fla. Dept. of Corrections secretary's procedure 108.010.

(9)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

• Avon Park Correctional Institution, • Okeechobee Correctional Institution; • Liberty Correctional Institution; • New River Correctional Institution; • Dade Correctional Institution; and Columbia Correctional Institution

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [x] Yes
- [ ] No
- [ ] Do not know

If yes, which claim(s)?

• due process rights violation, adequate medical and mental health treatment violation, cruel and inhumane punishment violation, free speech violation under Chpt. 33 Rules of Conduct rule no. 33-208.002 (actually wrote down) of the Florida Dept. of Corrections (herein Fla. D.O.C)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance? Avon Park Correctional Institution; Okeechobee Correctional Institution; Liberty Correctional Institution; New River Correctional Institution, Suwannee Correctional Institution; Charlotte Correctional Institution, Dade Correctional Institution; Columbia Correctional

2. What did you claim in your grievance? denial of due process rights at disciplinary hearings, denial of adequate medical and mental health treatment; denial of free speech via loss of food service job; cruel and inhumane treatment or punishment, and harassment for exercise of rights event hate crime.

3. What was the result, if any? All informal and formal grievances denied on lies by officer's statement of facts; grievances thrown in trash; plaintiff threatened, inmate told to keep shoot-the-spoon on; plaintiff moved to another cell or cell in other dormitory; plaintiff spital or go confinement.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* After denial of informal and formal grievances appealed to office of secretary who at once agreed to the lies of warden of Correctional Institution; plaintiff file a writ of certiorari in first D.C.A #2020-CA-0239.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: • Any claim herein that is not exhausted on administrative remedy is by no fault of plaintiff's own due to injury caused to his mind [and defendant's withdrawl of his prescribed medication without his signing a refusal form] under 08.010.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: • plaintiff informed many guards as only named warden defendant who duplicated what Sgt. B Campbell as warden stated at Okeechobee C.I.: spital plaintiff (many times back-to-back-to back) then laugh saying: "You will never beat us." under good ole boy network.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. • plaintiff's law penes taken during shake downs out of his inmate locker by guards as warden, plaintiff denied adequate indigent supplies from law library staff to write legal documents. plaintiff constantly moved, and plaintiff hunger due to his mental disorder.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

• Jacksonville Division US Court Middle Florida District Case Numbers 3:20-cv-926-J-34 MCR and Number 3:20-cv-940-J-32 NJB; also see
• Orlando Division US Court Middle Florida District Case No. 6:20-cv-2215-Orl-37EJK.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

[✓] Yes

[ ] No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Mr. David Lerrence Stephens

   Defendant(s) Amanda Regina Jacobson

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Fort Myers Division US Court Middle Florida Division

3. Docket or index number

   2:19-cv-216-FtM-38NPM

4. Name of Judge assigned to your case

   Honorable Sherri Polster Chappel

5. Approximate date of filing lawsuit

   November 19, 2019

6. Is the case still pending?

   [ ] Yes

   [✓] No

   If no, give the approximate date of disposition. February 26, 2020

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   dismissed without prejudice under 28 USCS 1915(g)

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

(A-1) Have you filed other lawsuits in state and federal court dealing with the same facts involved in this action?
☒ yes or ☐ No

(B-1) If your answer to A-1 is yes, describe each lawsuit by answering questions 1 through 7 below.

1. parties to __________ lawsuit state
plaintiff: Mr. David Terrence Stephens
defendant: John Godwin, warden Columbia Correctional Institution

2. Court
Ninth Judicial Circuit Court, in and for Orange County, Florida

3. docket or index number
2021-CA-6019

4. Name of Judge assigned to case:
Honorable Robert B. Weiss

5. Approximate filing date:
I do not know / I do not remember

6. Is the case still pending?
☐ yes or ☐ No
If No, give the approximate date of disposition on ___ day of __________ 202_.

7. What was the result of case? (see Next 3 pages)
■ plaintiff's conviction set aside and his sentence vacated via second or sucessive Rule 3.850(h) motion due to trial court failed to hold a Richardson Hearing on May 5, 1999 when his counsel informed the court that he just recieved a report by F.D.L.E serology that assert there is No Blood on state's exhibit 3 knife used [allegedly] to stab victim 4 times!

In the County Court of the Ninth Judicial Circuit
In and for Orange County, Florida

David Terrence Stephens
plaintiff

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON 8/11/21 (DATE) FOR MAILING
Staff Initial ______ I/M Initial

vs

Case No. 2021-CA-6019
Judge: Kevin B. Weiss

John Godwin, warden
Columbia Correctional Institution
Columbia, Florida
In his Official and Individual Capacities
defendant

(My Copy)

Second or Sucessive motion for postconviction relief under rule 3.850(h) to set aside plaintiff's Conviction and vacate his sentence due to the fact as a matter of rights the trial Court did not Conduct the required inquiry for a Richardson Hearing on May 5, 1999 (or second day of trial): thus, plaintiff show good cause for his failure to assert this ground in prior motion

Comes Now, the plaintiff, David Terrence Stephens, pro'se (see Conley vs Gibson, 355 US 41, 45-46) files this second or sucessive motion for postconviction relief under rule 3.850(h) to set aside his Conviction and vacate his sentence due to the fact as a matter of rights the trial

10/6/2021 8:33 AM FILED IN OPEN COURT TIFFANY M RUSSELL CLERK OF CIRCUIT COURT ORANGE COUNTY FLORIDA
10/5/2021 10:39 AM FILED IN OFFICE OF TIFFANY M. RUSSELL CLERK OF CIRCUIT COURT ORANGE CO FL

In the Circuit Court for the Ninth Judicial Circuit Court
In and for Orange County, Florida

David Lawrence Stephens
plaintiff

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON 9/28/21 (DATE) FOR MAILING
Staff Initial ___ I/M Initial

vs

Case No. 2021-CA-6009
Judge: Kevin B. Weiss

John Godwin, warden
Columbia Correctional Institution
Columbia, Florida
In his official and individual capacities
Defendant

---

Motion for Default

---

plaintiff moves for entry of a default by the clerk against defendant John Godwin, warden for failure to serve any document on the undersigned or file any document as required by law.

[signature]
Attorney for plaintiff or
plaintiff pro'se

Default

A. default is entered in this action against the def-

endant named in the foregoing motion for failure to serve or file any document as required by law.

Dated on: OCT 1 6 2021

Tiffany M. Russell
as Clerk of Court
By [signature]
As Deputy Clerk

**Form 1.902. Summons**

**(a) General Form.**

SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant ..........

Each defendant is required to serve written defenses to the complaint or petition on .........., plaintiff's attorney, whose address is .........., within 20 days[8] after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition. Look

DATED on ..........
(Name of Clerk)
As Clerk of the Court
By ____________
As Deputy Clerk

Freedom By default! Truth

**(b) Form for Personal Service on Natural Person.**

SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on defendant ..........

DATED on ..........
CLERK OF THE CIRCUIT COURT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Default

CIVIL DIVISION
425 North Orange Avenue, Room 310
Orlando, Florida 32801-1526

...SON v. STATE — Fla. 771
..., 246 So.2d 771

2. Criminal Law ⟹1165(1)

The violation of a rule of procedure prescribed by the Supreme Court does not call for reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice or harm to the defendant.

Next step is the hearing! based on the record!

[redacted] The Supreme Court, Mason, Circuit Judge, held, inter alia, that where it appeared that the state knew that co-defendant was claiming that there wa a "contact man" between owner and defendants, the state's failure to give the name of such "contact man" to defendant's counsel, the state's silence as to any excuse for such failure, and trial court's failure to make inquiry to determine whether there was in fact such a person, and if so, whether he had and would furnish relevant information to defendant was prejudicial requiring that defendant's conviction be set aside. Home!

Reversed and remanded with direction.

(2)

- [x] Yes
- [ ] No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Mr. David Terrence Stephens

   Defendant(s) Josephine Reynolds, Et. Al.

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Tenth Judicial Circuit, In and For Polk County, Fla.

3. Docket or index number

   2008-CA-2458

4. Name of Judge assigned to your case

   Honorable Chief Judge J. David Langford

5. Approximate date of filing lawsuit

   I do not know / I do not remember

6. Is the case still pending?

   - [ ] Yes
   - [x] No

   If no, give the approximate date of disposition January 27, 2009

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   dismissed with prejudice because guards have immunity from suit under Fla. Stat. 768.28!

(C-1) HAVE YOU FILED OTHER LAWSUITS IN STATE OR FEDERAL COURT OTHERWISE RELATING TO THE CONDITIONS OF YOUR IMPRISONMENT?

☑ YES OR ☐ NO

(D-1) IF YOUR ANSWER TO C-1 IS YES, DESCRIBE EACH LAWSUIT BY ANSWERING QUESTIONS 1 THROUGH 7 BELOW.

1. PARTIES TO ____________ LAWSUIT STATE

PLAINTIFF: MR. DAVID TERRENCE STEPHENS

DEFENDANT: JOHN GODWIN, WARDEN COLUMBIA CORRECTIONAL INSTITUTION

2. COURT

THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY, FLA.

3. DOCKET OR INDEX NUMBER

2020-CA-0167

4. NAME OF JUDGE ASSIGNED TO CASE:

HONORABLE PAUL S. BRYAN

5. APPROXIMATE FILING DATE:

I DO NOT KNOW / I DO NOT REMEMBER

6. IS THE CASE STILL PENDING

☑ YES OR ☐ NO

IF NO, GIVE THE APPROXIMATE DATE OF DISPOSITION ON ____ DAY OF ____________ 202__.

7. WHAT WAS THE RESULT OF CASE? (SEE: NEXT 2 PAGES)

■ GOING TO TRIAL ON DUE PROCESS VIOLATION / DENIAL AT FOUR DISCIPLINARY HEARING (ON 5 DISCIPLINARY REPORTS), IN PATTERN OF MISCONDUCT EVIDENCING THE LIKELIHOOD OF IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, DUE TO THE OFFICIAL POLICY OR UNOFFICIAL CUSTOM OF THE GOOD OLE BOY NETWORK WHERE THE WARDENS OF FLA. DEPT. OF CORRECTIONS ALLOW GUARDS TO ABUSE OR MISTREAT INMATES AS INMATES IN VALDEZ VS CROSBY, 390 F. SUPP. 2d 1084 WERE DONE.

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

DAVID TERRENCE STEPHENS,
Plaintiff,

CASE NO. 12-2020-CA-167

vs.

JOHN GODWIN, WARDEN, COLUMBIA CORRECTIONAL INSTITUTION, LAKE CITY, FLA., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,
Defendant.

Look Here

→ Through this: I get my teeth fixed! [$50,000.00 worth of new teeth fixed: → screwed in!] Truth Truth

## ORDER SETTING STATUS CONFERENCE

This case came before the Court for docket review and, therefore, it is hereby ORDERED:

Look Here → Counsel/Parties are directed to appear before the **Honorable Judge Paul S. Bryan**, via a Zoom (what is this?) videoconference on **Monday, November 8, 2021** at **1:00 p.m.** for a Case Status Conference. Truth

a. In order to attend your hearing via videoconferencing, you MUST have a computer with internet access and a webcam or a smartphone with video camera capability. In your web browser, type the following address: **https://zoom.us/j/91024084357** five (5) minutes before your hearing time. Please note – your hearing will not start until the designated hearing time; you are to log on early to address technical difficulties.

b. If you do not have a computer with internet access and a webcam or you do not have a smartphone with video camera capability available, you may appear by telephone. To appear by telephone, you will call **786-635-1003** and enter the meeting ID of **910 2408 4357**.

Look Here → c. The purpose of this status conference is to discuss the status of your case and to set your case for trial, so please have your calendars available. In the alternative, you may contact the undersigned's Judicial Assistant at gutshall.tilena@jud3.flcourts.org to obtain available trial dates. If a trial order is entered prior to your scheduled status conference, your attendance is not required and you may consider the status conference cancelled.

d. This hearing may be cancelled or rescheduled only with the court's written permission upon a showing of good cause, an entry of a trial order, an entry of a final judgment, or a dismissal of the action prior to the hearing.

DONE and ORDERED in Chambers at Lake City, Columbia County, Florida, this 18th day of October, 2021.

Date: 2021.10.18 09:14:20 -04'00'

PAUL S. BRYAN, CIRCUIT COURT JUDGE

(Spit at him! FLA-D.O.C. Scum!)

Truth — Good ole boy Network Got to pay me: Look Here → Millions for injury to my mind! (by victim of Rape)

Form Order 3-5

Page 5 of 5



Mailing Service List: David Terrence Stephens, DC#529682, Columbia Correctional Institution, 216 SE Corrections Way, Lake City, FL 32025-2013

Tilena Gutshall 2021.10.19 16:52:34 -04'00'

Electronic Service List: Kristen J. Lonergan, Esquire, Kristen.Lonergan@myfloridalegal.com, *Attorney for Defendant*

## AMERICANS WITH DISABILITIES ACT NOTICE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Carrina Cooper, Court Administration at 173 NE Hernando Avenue, Room 408, Lake City, Florida 32055, 386-758-2163 or adamail@jud3.flcourts.org at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

(C-2) Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
☐ yes or ☐ No

(D-2) If your answer to C-2 is yes, describe each lawsuit by answering questions 1 through 7 below.

1. parties to ________ lawsuit state
plaintiff: Mr. David Terrence Stephens
Defendant: Dept. of Corrections

2. Court
First District Court of Appeals, State of Florida

3. Docket or index number
1D20-2958

4. Name of Judge assigned to case:
Honorable

5. Approximate filing date:
I do not know / I do not remember

6. Is the case still pending?
☐ yes or ☐ No
If no, give the approximate date of disposition on ____ day of ________ 202_.

7. What was result of case?
■ the reversal / overturning of five disciplinary reports lying statements of facts (at 4 disciplinary hearings) due to the due process violations in order to find plaintiff guilty of crimes based on the lying officer's statement of facts pursuant to the official policy or unofficial custom of the wardens' of Fla. Dept. of Corrections Correctional institutions or state prison that allow guards to abuse or mistreat inmates as inmates in Valdez vs Crosby done

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: october 28th, 2021

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: Stephens, David Terrence

Prison Identification #: 0-529683

Prison Address: Columbia C.I. 216 S.E Correctional Way

Lake City (City) Fla (State) 32025 (Zip Code)

### B. For Attorneys

Date of signing: None

Signature of Attorney: None

Printed Name of Attorney: None

Bar Number: None

Name of Law Firm: None

Address: None

N/A (City) N/A (State) N/A (Zip Code)

Telephone Number: None

E-mail Address: None

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID TERRENCE STEPHENS,

Plaintiff,

v. Case No. 3:21-cv-00141-BJD-JRK

JOHN GODWIN, and COLUMBIA CORRECTIONAL INSTITUTION,

(All of them) = Guilty =

Defendants.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, is proceeding pro se. Plaintiff filed a pleading titled "Motion for Leave to File 42 U.S.C. § 1983 Complaint and Emergency Injunction If This Honorable Court Deem[s] Proper" (Doc. 1) dated February 8, 2021, in which he seemingly alleges that he was denied medication without Plaintiff signing a refusal form, in deliberate indifference to his serious medical needs. He seeks authorization to file a civil rights complaint and injunction.

The Court reminds Plaintiff that if he desires to file a federal civil rights complaint,[1] the Court has approved the use of a civil rights complaint form for

---

[1] Plaintiff is no stranger to the federal courts. He has initiated over 55 civil rights cases and has been informed numerous times that he is a three-strikes litigant and his cases have been dismissed on that basis. See Report and Recommendation (Doc.

Case 3:21-cv-00141-BJD-JRK Document 2 Filed 02/12/2021 Page 2 of 3 PageID 5

cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Plaintiff has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form.

To the extent Plaintiff is asking the Court to permit him to proceed under the "imminent danger" exception to the three strikes rule, he fails to demonstrate he is in imminent danger of serious physical injury. (fix) by the denial of medications → suffer suicidal and homocidal thoughts! (truth)

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to refile his claims, he may complete and submit the appropriate form. Plaintiff should not place this case number on the form. The

→ By this, the Slickmouth law Clerks.. (inmate police OR [illegible]) ← cannot deny made of copies by frivolous.!

8), No. 4:17cv329-RH/CAS (N.D. Fla. Oct. 2, 2017), adopted, Order (Doc. 11) (Oct. 20, 2017). Therefore, to proceed as a pauper, Plaintiff must be in imminent danger of serious physical injury at the time a civil rights complaint is filed. See 28 U.S.C. § 1915(g). Otherwise, he must pay the $402 filing fee. (with informa pauperis (Both)

Fact: → these dumb/loosers inmates all they "live" to be is the C.O: where, they should have filled out the job applications before Committing Crimes!

Clerk will assign a separate case number if Plaintiff elects to refile his claims (I do)

= In initiating such a case. = L.A Mitchell need to stop listening to them lying inmate lawclerks and believe them!

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of (truth)

February, 2021.

BRIAN J. DAVIS
United States District Judge

caw 2/12
c:
David Terrence Stephens, #529682

A man's word is His honor: dismissed without prejudice! [illegible] Fla. DOC warden Lie by actually wrote down "this judge" dismissed this case with prejudice: falsified documents [caught red handed] (truth)

(see next page)

Now, turn around and cuff the ~~[illegible]~~ -up: ~~[illegible]~~ ~~of the [illegible]~~ evil false/lying law enforcement officials! (abuse of your authority) actually written down = conspiracy with hate crime = (truth)

ISSO158 (14) FLORIDA DEPARTMENT OF CORRECTIONS 07/31/2018
DISCIPLINARY REPORT PAGE 1
HEARING INFORMATION
LOG # 210-180204

DC#: 539682 INMATE NAME: STEPHENS, DAVID T. G2214L INFRACTION
VIOLATION CODE: 0932 TITLE. FILE FRIVOLOUS/MALIC DATE. 07/24/2018
FACILITY CODE: 210 NAME: NEW RIVER CI TIME. 12.19

TEAM FINDINGS AND ACTION DATE: 07/31/2018, AT: 10.00
INMATE OFFERED STAFF ASSISTANCE: DECLINED
INMATE PLEA: NOT GUILTY FINDINGS: GUILTY
INMATE PRESENT YES
POSTPONEMENT:
BASIS FOR DECISION
INMATE STEPHENS WAS FOUND GUILTY OF 9-32, FRIVOLOUS OR MALICIOUS SUIT, BY THE DISCIPLINARY HEARING TEAM BASED UPON OUR REVIEW OF ALL AVAILABLE EVIDENCE TO INCLUDE ALL WITNESS STATEMENTS, ALL PERSONAL TESTIMONY, IN ADDITION TO MR. TOMLINSON STATEMENT IN SECTION ONE OF THE DISCIPLINARY REPORT. ON JULY 24, 2018, AT APPROXIMATELY 12:19 PM, CLASSIFICATION SUPERVISOR K. TOMLINSON, RECEIVED A COPY OF A COURT ORDER, VIA EMAIL FROM DEPARTMENT CORRECTIONS CENTRAL OFFICER, WHICH ORIGINATED FROM THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION. THE COURT ORDER WAS SIGNED BY DISTRICT JUDGE BRIAN J. DAVIS ON JULY 18, 2018, WAS ABOUT CASE NUMBER 3:18-CV-813-J-39JBT WHICH REFERRED TO A COMPLAINT THAT HAD BEEN FILED BY INMATE STEPHENS, DAVID DC# 539682. THE COURT ORDER IF INMATE STEPHENS' COMPLAINT HAD BEEN ORDERED AND ADJUDGED AS DISMISSED WITH PREJUDICE AS FRIVOLOUS. IS SUFFICIENT GROUNDS TO INVOKE DISCIPLINARY PROCEEDINGS CHARGED WITH VIOLATION OF RULE 9-32 SERGEANT STITT WAS PRESENT DURING THE HEARING TO PROVIDE SECURITY TO THE HEARING TEAM. INMATE STEPHENS WAS ADVISED THE WITNESS'S STATEMENT WAS NOT PROVIDED BECAUSE HE FAILED TO BE MORE SPECIFIC WITH REQUESTING WITNESS'S STATEMENTS, WITNESS'S STATEMENT WAS 11TH CIRCUIT COURT OF APPEALS

ACTIONS TAKEN:
DISCIPLINARY CONFINEMENT: 22; PROBATION DAYS SET: 0 CONSECUTIVE
ALTERNATIVE HOUSING: 0000;

RESTITUTION. 5.00: INDIV.REVIEW/COUNSEL?. N; CONFISCATE CONTRABAND?; N
COMMENTS:
TEAM IMPOSED 30 DAYS DC, 8 DAYS AC APPLIED, 22 DAYS DC TO SERVE

TEAM CHAIRMAN: CSA41 - COOPER, SHIRLEY A.
TEAM MEMBERS. BTJ05 - BRYANT TERRY J. STITT - STITT,RICHARD

[Handwritten margin notes:] On Official Fla. DOC records — A Lie; Judge; Local; Lie!

"You will reap what you have sown," saith the Lord God: → God is not like man that He shall lie! (truth)

"I read the Court's order"

Fact: The dumb, stupid, retarded, even looser inmates in the Florida Dept of Corruption (not corrections due to the staff are just as criminal (liar as the inmates) would have accepted this falsified document by law enforcement as truth! (HA)

Fact:
The plaintiff [who is no ~~stat~~ ~~eating~~ inmate] know for a fact that the warden and "his/my" Employees [as a family] lie! All they do [98% of them] is lie → plaintiff mother has a son that is a Correctional Officer who is the worlds biggest liar and think he know every thing: ~~[illegible]~~!

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID TERRENCE STEPHENS,

Plaintiff,

v. CASE NO. 6:20-cv-2215-Orl-37EJK

AMANDA REGINA JACOBSON, et al.,

Defendant.

______________________________/

**ORDER**

This cause is before the Court on Plaintiff's Amended Civil Rights Complaint ("Amended Complaint," Doc. 9) filed pursuant to 42 U.S.C. § 1983. The Amended Complaint is approximately 339 pages, and Plaintiff's allegations are somewhat unclear. Plaintiff first appears to argue that he was arrested without probable cause. (*Id.* at 3-6.) Additionally, Plaintiff complains of a range of events and incidents occurring during his state criminal proceedings and at various correctional facilities in the State of Florida beginning in 2005 through the present. (*Id.* at 7-50.)

1998

Complete to 2021!

Filed Paid! Truth

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. denial of prescribed medication of prozac!

28 U.S.C. ' 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. ' 1915(g). *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of four federal cases previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Case No. 6:01-cv-1512-Orl-31 (M.D. Fla. Jan. 8, 2002) (dismissing case for failure to state a claim); (2) Case No. 6:04-cv-695-Orl-18KRS (M.D. Fla. May 17, 2004) (dismissing case as frivolous); (3) Case No. 8:06-cv-319-T-27MAP (M.D. Fla. June 7, 2006) (dismissing case for failure to state a claim); and (4) Case No. 8:09-cv-194-T-27TGW (M.D. Fla. Feb. 12, 2009) (dismissing case for failure to state a claim).[1]

[1] The Court notes that Plaintiff has initiated over fifty civil rights cases in the Middle District of Florida and has been informed that he is a three-strikes litigant on several occasions. *See, e.g.,* Case No. 6:07-cv-536-Orl-22JGG (M.D. Fla. Mar. 30, 2007) (dismissing without prejudice pursuant to the three strikes provision of § 1915(g)); Case No. 6:10-cv-98-Orl-31GJK (M.D. Fla. Feb. 17, 2010) (same). (file notice of appeal)

Based upon these prior dismissals and Plaintiff's failure to demonstrate that he is under imminent danger of serious physical injury, he was required to pay the filing fee at the time he initiated this action. Consequently, this case will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form together with the full filing fee.

Accordingly, it is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Orlando, Florida on March 30, 2021.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 3/30
David Terrence Stephens

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID TERRENCE STEPHENS,**

**Plaintiff,**

**v.** **Case No: 6:20-cv-2215-RBD-EJK**

**AMANDA REGINA JACOBSON,**

**Defendant.**

---

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that the Plaintiff, David Terrence Stephens, take nothing on his claims against the Defendant, Amanda Regina Jacobson, and the action be dismissed without prejudice.

Date: March 30, 2021

ELIZABETH M. WARREN,
CLERK

s/LJ, Deputy Clerk